Case No. SACV 17-0988-DOC (JDEx)  Date: September 20, 2017

Title: NADINE DIETRICH V. MISSION HOSPITAL REGIONAL MEDICAL CENTER, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS): ORDER GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS [18], GRANTING PLAINTIFF'S MOTION TO REMAND [19]

Before the Court are Plaintiff Nadine Dietrich's Motion to Dismiss a Claim for Violation of the Family Medical Leave Act Without Prejudice ("MTD") (Dkt. 18) and Motion to Remand ("MTR") (Dkt. 19). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving and opposing papers, and for the reasons stated below, the Court GRANTS Plaintiff's Motions.

**I.      Background**

On February 2, 2017, Plaintiff filed her Complaint in the Superior Court of California, County of Orange. *See* Compl. (Dkt. 1-1). Plaintiff brings suit against Mission Hospital Regional Medical Center, St. Joseph Health, and several unnamed defendants (collectively, "Defendants"), alleging sixteen state law claims and one federal law claim: violation of the Family Medical Leave Act ("FMLA"). *Id.* On June 8, 2017, Defendants

removed the case to this Court based on federal question jurisdiction. *See* Notice of Removal (Dkt. 1).

On August 17, 2017, Plaintiff filed the instant Motion to Dismiss, seeking to voluntarily dismiss the single federal law claim alleged in her Complaint. On the same day, Plaintiff filed the instant Motion to Remand to state court. On August 28, 2017, Defendants filed their Opposition to both Motions (Dkt. 20), and on September 9, 2017, Plaintiff replied (Dkt. 22).

On September 12, 2017, Defendants filed an Objection and Request to Strike Plaintiff's Reply (Dkt. 23) on the grounds that Plaintiff's Reply was untimely under Local Rule 7-10. Under Local Rule 7-10, Plaintiff was required to file her Reply no later than fourteen days before the September 18, 2017 hearing date. However, Plaintiff filed her Reply on September 11, 2017, a week after the deadline. As a result, pursuant to Local Rule 7-12, the Court declines to consider Plaintiff's untimely Reply.

## II. Legal Standard

### A. Voluntary Dismissal Under Rule 41(a)(2)

Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff, with the approval of the court, to dismiss an action without prejudice at any time. The rule provides that: "an action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A motion for voluntary dismissal under Rule 41(a)(2) "is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion." *Stevedoring Servs. of Am. v. Armilla Int'l B. V.*, 889 F.2d 919, 921 (9th Cir. 1989) (citing *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980)). Dismissal without prejudice is proper "so long as the defendant will not be prejudiced . . . or unfairly affected by dismissal." *Id.* (internal citations omitted).

When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal. *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996) (citing *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994)). Although case law does not articulate a precise definition of "legal prejudice," the cases focus on the rights and defenses available to a defendant in future litigation. *Id.* (citing 5 James W. Moore, Moore's Federal Practice ¶ 41.05[1] nn.51–53).

### B. Remand Under 28 U.S.C. § 1367(c)(3)

In the context of cases removed from state court, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). A district court may decline to exercise supplemental jurisdiction over a state law claim where the district court has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "The decision to retain jurisdiction over state law claims is within the district court's discretion, weighing factors such as economy, convenience, fairness, and comity." *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995).

### III. Discussion

### A. Motion to Dismiss

Plaintiff moves to voluntarily dismiss without prejudice her single federal law claim for violation of the FMLA under Fed. R. Civ. P. 41(a)(2). MTD at 4. Defendants do not oppose the motion to dismiss per se, but claim they will be prejudiced if dismissal of the only federal claim results in the action subsequently being remanded to state court. *See* Opp'n at 2–3, 7–8. Specifically, Defendants argue that they "have already devised [their] litigation strategy" based on the expectation the case would be litigated in federal court and "have incurred substantial fees and costs" in the case while pursuing initial discovery. *Id.* at 2.

While the Court must consider whether dismissal will cause Defendants to suffer legal prejudice, "expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands*, 100 F.3d at 97. In addition, "[t]he possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice especially when state law is involved." *Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991) (finding district court did not abuse its discretion where it dismissed an action without prejudice when "plaintiff's only motive was to recommence the action in state court" and the only alleged prejudice was "resolution of the issues in state, rather than federal, court") (cited with approval in *Westlands*, 100 F.3d at 97).

Defendants have not presented evidence that they will suffer plain legal prejudice as a result of dismissal. Accordingly, the Court GRANTS the Motion to Dismiss.

### B. Motion to Remand

Plaintiff moves to remand her action to state court, should her only federal law claim be dismissed. MTR at 5. Defendants oppose remand, arguing that it would force them to restart the litigation process despite having already invested significant resources into litigation in federal court. Opp'n at 7.

A court's "decision to remand remains discretionary and is dependent upon what will best accommodate the values of [judicial] economy, convenience, fairness, and comity. *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal law claims have dropped out of the lawsuit in its early stages and only state law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon*, 484 U.S. at 350.

The instant action is in the early stages of litigation. A little over two months have elapsed between Defendants' removal of the case and the filing of the instant Motions. *Compare* MTD, *and* MTR, *with* Notice of Removal. Notably, in *Carnegie-Mellon*, the Supreme Court found remand appropriate even where plaintiff moved for remand six months after the case had been removed to federal court. *Id.* at 357. Thus, the fact that the parties have proceeded with the case in federal court for two months does not preclude remand.

Considerations of judicial economy and convenience also favor remand. The Court has not issued any substantive rulings in this action. The dispositive issues in the case have not been fully briefed or argued. *Cf. Pantazis v. Fior D'Italia, Inc.*, No. C 94-1094-FMS, 1994 WL 519469, at *3 (N.D. Cal. Sept. 20, 1994) (finding considerations of judicial economy and convenience weighed against remand where a motion to dismiss the action in its entirety was fully briefed and ready for a decision).

Comity with the state courts also favors remand given that all federal law claims have been dismissed and only state law claims remain. *See Carnegie-Mellon*, 484 U.S. at 350 (finding that remand is favored where only state law claims remain).

The Court finds that considerations of judicial economy, convenience, fairness, and comity favor remand. However, Defendants also argue that remand is improper because Plaintiff is seeking to manipulate the forum. Opp'n at 3. In determining whether to grant a motion to remand, the Court may consider whether the moving party is attempting to manipulate the forum. *See Carnegie-Mellon*, 484 U.S at 357. There is

"nothing manipulative" about voluntarily dismissing federal law claims and moving to remand to state court. *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995) (holding that dismissal of federal law claims in order to seek remand to state court is a legitimate tactical decision that is not forum manipulation). Therefore, the Court finds that the Plaintiff is not impermissibly seeking to manipulate the forum.

For the foregoing reasons, the Court GRANTS the Motion to Remand.

### C. Imposition of Costs Under Fed. R. Civ. P. 15

Defendants request that the Court impose costs under Federal Rule of Civil Procedure 15, as a condition of granting Plaintiff's Motions to Dismiss and Remand. Opp'n at 8.

Rule 15 does not explicitly permit the imposition of costs or sanctions by the district court. However, if the Court finds the original pleading was faulty, it has discretion to impose costs pursuant to Rule 15 as a condition of granting leave to amend. *Gen. Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1514 (9th Cir. 1995).

Here, Plaintiff's pleading was not faulty. Rather, by requesting dismissal of her federal law claim, Plaintiff made a legitimate tactical decision to focus on her state law claims. *See Baddie*, 64 F.3d at 487 (noting that if a defendant "rejects the plaintiff's offer" to litigate both state and federal claims in state court by removing the action, a plaintiff may "choose between federal claims and a state forum"); *see also Chow v. Hirsch,* No. C-98-4619 PJH, 1999 WL 144873, at *5 (N.D. Cal. Feb. 22, 1999) (granting remand without awarding costs under Rule 15 when the plaintiff voluntarily dismissed its federal law claims). Since Plaintiff's original pleading was not faulty, Defendants are not entitled to costs under Rule 15.

Accordingly, the Court DENIES Defendants' request that the Court impose costs.

### IV. Disposition

For the reasons explained above, the Court GRANTS Plaintiff's Motion to Dismiss and Motion to Remand.

Plaintiff's claim for violation of the FMLA is DISMISSED WITHOUT PREJUDICE. This action is REMANDED to the Superior Court of California, Orange County.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

      The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                                        Initials
of Deputy Clerk